# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALONZO ESPARZA,<br>                  Plaintiff,<br>vs.<br>NEW CENTRY MORTGAGE CORP.,<br>QUALITY LOAN SERVICE CORP.;<br>SAXON MORTGAGE SERVICES, INC.,<br>AND DOES 1-50 INCLUSIVE,<br>                  Defendants. | **CASE NO: 11-CV-1622-IEG (JMA)**<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART SAXON MORTGAGE SERVICES' MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS, AND**<br><br>**(2) DENYING AS MOOT QUALITY LOAN SERVICE CORP.'S MOTION TO DISMISS**<br><br>[Doc. Nos. 3 & 7] |

      Presently before the Court are (1) Defendant Saxon Mortgage Services' motion to remand this action to state court and for attorneys' fees and costs, and (2) Defendant Quality Loan Service Corporation's motion to dismiss [Doc. No. 3].  These motions are suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Saxon's motion to remand [Doc. No. 7], and **DENIES AS MOOT** Quality's motion to dismiss [Doc. No. 3].

///

///

**BACKGROUND**

On February 17, 2011, Plaintiff Jose Esparza, proceeding *pro se*, filed a complaint in San Diego County Superior Court. Plaintiff's complaint raised various claims under California law, and one claim under the Federal Truth in Lending Act ("TILA"). Proceeding in Superior Court, Plaintiff amended his complaint twice. Plaintiff's Second Amended Complaint, filed May 5, 2011, did not include a claim under federal law. On June 9, 2011, Quality filed a demurrer to the SAC, which Saxon later joined. Before the hearing on Quality's demurrer, Plaintiff removed the case to this Court, alleging federal question jurisdiction.

**LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court must strictly construe the removal statute and must therefore resolve any doubt about the right of removal in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.; see Abrego v. Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808 (1986).

**DISCUSSION**

**I.    Motion to Remand**

The removal statute does not permit a plaintiff to remove an action he chose to file in state court. Thus, Plaintiff's removal of this action was procedurally improper. *See In re Walker*, 375 F.2d 678 (9th Cir. 1967).

1     Furthermore, at the time of removal, the SAC was the operative complaint.  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) ("The federal court treats everything that occurred in the state court as if it had taken place in federal court." (internal quotation marks and alteration omitted)).  The SAC does not include a federal claim, and thus does not invoke federal question jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  Moreover, while no party has asserted diversity jurisdiction, the Court notes that it does not appear from the face of the complaint that complete diversity exists among the parties.

Because Plaintiff's removal of this action was procedurally improper, and Plaintiff has failed to establish subject-matter jurisdiction, the motion to remand is **GRANTED**.  [Doc. No. 7.]

## II. Motion for Attorneys' Fees and Costs

Upon granting a motion for remand, a federal court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

While *pro se* litigants "must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), they are afforded some leeway regarding their compliance with procedural rules and statutory schemes.  *See Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir.2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)); *see also, e.g.*, *U.S. Bank Nat. Ass'n v. Gudoy*, No. 3:10-CV-1440-IEG (RBB), 2010 WL 4974570, *3 (S.D. Cal. Nov. 30, 2010) (declining to award attorneys' fees for an improper removal because of the litigant's *pro se* status); *Citibank N.A. v. Ortiz*, No. 08cv1301-LAB (RBB), 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (same).  In consideration of Plaintiff's *pro se* status, Defendants' motion for attorneys' fees is **DENIED**.

///

### III. Motion to Dismiss

Because this action will be remanded to San Diego Superior Court for further proceedings, Defendant Quality Loan's motion to dismiss is **DENIED AS MOOT**.

### CONCLUSION

Defendants' motion to remand this action and for attorneys' fees is **GRANTED IN PART** and **DENIED IN PART**. [Doc. No. 7.] Defendants' request to remand this action to state court is **GRANTED**; however, their request for attorneys' fees and costs is **DENIED**. Defendants' motion to dismiss is **DENYED AS MOOT**. [Doc. No. 3.]

**IT IS SO ORDERED.**

**DATED:** 9/26/11

IRMA E. GONZALEZ, Chief Judge
United States District Court